# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

------------------------------------------x

JORGE ANDUJAR and FRANKLIN PENA BATISTA, on behalf of themselves and all others similarly situated,

    Plaintiffs,

  v.

HUB GROUP TRUCKING, INC.,

    Defendant.

------------------------------------------x

Civil Action No. 2:23-cv-16987-MEF-JSA

**ECF CASE**

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO TRANSFER VENUE

      Allan S. Bloom (*pro hac vice admission pending*)
      Edna D. Guerrasio
      PROSKAUER ROSE LLP
      Eleven Times Square
      New York, NY  10036
      (212) 969-3012
      abloom@proskauer.com
      eguerrasio@proskauer.com

      *Attorneys for Defendant*
      HUB GROUP TRUCKING INC.

# **TABLE OF CONTENTS**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Page**

PRELIMINARY STATEMENT ................................................................................... 1

RELEVANT FACTS ..................................................................................................... 2

ARGUMENT .................................................................................................................. 3

I.　　The Agreement's Forum-Selection Clause Is Valid and Enforceable ............ 5

　　　A.　　The Forum-Selection Clause Is Mandatory ........................................... 5

　　　B.　　Plaintiffs' Claims Fall Within the Scope of the Forum-Selection
　　　　　　　Clause ....................................................................................................... 7

II.　　Transfer Under 28 U.S.C. § 1404(a) Is Appropriate ....................................... 8

CONCLUSION ............................................................................................................ 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*,
    571 U.S. 49 (2013) .................................................................................... 1, 4, 8, 9

*Beaumont v. Vanguard Logistics Servs. (USA), Inc.*,
    615 F. Supp. 3d 253 (D.N.J. 2022) .................................................................. 2, 10

*Cadapult Graphic Sys., Inc. v. Tektronix, Inc.*,
    98 F. Supp. 2d 560 (D.N.J. 2000) .......................................................................... 4

*Crescent Int'l, Inc. v. Avatar Cmtys., Inc.*,
    857 F.2d 943 (3d Cir. 1988) ................................................................................... 8

*Eagle View Techs., Inc. v. GAF Materials, LLC*,
    594 F. Supp. 3d 613 (D.N.J. 2022) ........................................................................ 9

*Foster v. Chesapeake Ins. Co.*,
    933 F.2d 1207 (3d Cir. 1991) ............................................................................. 4, 6

*In re McGraw-Hill Glob. Educ. Holdings LLC*,
    909 F.3d 48 (3d Cir. 2018) ..................................................................................... 8

*Jumara v. State Farm Ins. Co.*,
    55 F.3d 873 (3d Cir. 1995) ..................................................................... 3, 4, 9, 10

*Magla Prods., L.L.C. v. Chambers*,
    No. CIV A 06-0115 PGS, 2006 WL 2846274 (D.N.J. Sept. 29, 2006) .................. 7

*Mancuso v. L'Oreal USA, Inc.*
    No. 20-5701, 2021 WL 365228 (D.N.J. Feb. 1, 2021) ...................................... 6, 7

*Nitterhouse Concrete Prods., Inc. v. Dobco Grp., Inc.*,
    305 F. Supp. 3d 580 (D.N.J. 2018) ........................................................................ 5

*Peck v. Jayco, Inc.*,
    No. 22-5762, 2023 WL 2706806 (D.N.J. Mar. 30, 2023) ................................ 9, 10

*Saul v. Seeking Alpha Inc.*,
   No. CV-23-1405 (MAS) (RLS), 2023 WL 8091852 (D.N.J. Nov. 21,
   2023) .................................................................................................................... 10

*Selective Way Ins. Co. v. Glasstech, Inc.*,
   191 F. Supp. 3d 350 (D.N.J. 2016) .................................................................... 5, 6

*Unbeatablesale.com, Inc. v. Meta Platforms, Inc.*,
   No. 22-6369, 2023 WL 4764813 (D.N.J. July 26, 2023) ...................................... 9

*Union Steel Am. Co. v. M/V Sanko Spruce*,
   14 F. Supp. 2d 682 (D.N.J. 1998) ......................................................................... 6

*Wall Street Aubrey Golf, LLC, v. Aubrey*,
   189 F. App'x 82 (3d Cir. 2006) ............................................................................. 5

**STATUTES**

28 U.S.C. § 1404(a) ....................................................................................... 1, 2, 8, 11

Hub Group Trucking, Inc. ("Hub Group") respectfully submits this Memorandum of Law in Support of its Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a).

## PRELIMINARY STATEMENT

This case arises from the contractual relationship between Hub Group and Plaintiffs Jorge Andujar and Franklin Pena Batista (together, "Plaintiffs"), under which Plaintiffs provided services as independent owner-operators of trucks to transport cargo to and from Hub Group's customers in the New Jersey metropolitan area. Plaintiffs allege that they and other allegedly similarly situated owner-operators were misclassified by Hub Group as independent contractors and therefore that Hub Group made improper deductions from their pay and failed to pay them overtime compensation.

Regardless of the merits of Plaintiffs' claims (which Hub Group disputes), this Court is not the proper forum for the parties' dispute because Plaintiffs each signed a contract containing a valid and enforceable forum selection clause stating that "any and all claims or disputes arising out of, in connection with, or relating to this Agreement . . . shall be brought exclusively in the state or federal courts sitting in Memphis, Tennessee." Plaintiffs disregard of the parties' agreed-upon forum provision is of no moment because under well-established Supreme Court precedent, "a valid forum-selection clause [should be] given controlling weight in

all but the most exceptional cases." *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013) ("*Atlantic Marine*") (citation omitted). Without any exceptional circumstances being present, the parties' forum-selection clause—which covers the claims in this action—should be enforced.

## RELEVANT FACTS

On September 6, 2023, Plaintiffs filed their complaint in this action asserting claims against Hub Group under the New Jersey Wage Payment Law ("NJWPL") and the New Jersey Wage and Hour Law ("NJWHL") on behalf of themselves and other allegedly similarly situated owner-operators. Plaintiffs allege that Hub Group made improper deductions from their pay and failed to pay them an overtime premium when they worked more than 40 hours in a week. (Compl., ¶¶ 33, 38.)

Plaintiffs and those they seek to represent in this action all provided services to Hub Group pursuant to an Independent Contractor and Equipment Lease Agreement (the "Agreement") that reflects the terms and conditions of their working relationship. (The Agreements signed by Plaintiffs are attached as Exhibits ("Exs.") A and B, respectively, to the Declaration of Michele McDermott filed herewith (McDermott Decl.").)[1] In the case of Plaintiffs (and presumably

---

[1] In deciding a § 1404(a) motion, a court is not limited to the pleadings, and may consider affidavits or other evidence. *Beaumont v. Vanguard Logistics Servs. (USA), Inc.*, 615 F. Supp. 3d 253, 259 (D.N.J. 2022).

2

those they seek to represent here), the Agreement contains both forum selection and choice of law provisions. In those provisions, the parties agreed as follows:

> [A]ny and all claims or disputes arising out of, in connection with, or relating to this Agreement, or the transactions or relationship between the parties contemplated and established by this Agreement, whether under federal, state, local or foreign law, **shall be brought exclusively** in the state or federal courts sitting in Memphis, Tennessee.

(Exs. A & B, § 6.E) (emphasis added). The parties also agreed that Tennessee law would govern their dispute:

> [T]his Agreement, including any and all claims or disputes arising out of, in connection with, or relating to this Agreement, or the transactions or relationship between the parties contemplated and established by this Agreement, shall be governed and interpreted by the laws of the State of Tennessee, without regard to the choice-of-law rules of that State or any other jurisdiction.

(*Id.*)

Hub Group, with its affiliated entities, maintains significant operations in Tennessee, including two intermodal terminals that host 106 drivers and a consolidation and fulfillment facility with more than 165 supervisors and other workers. (McDermott Decl. ¶ 4.)

## ARGUMENT

Plaintiffs invoke the Court's jurisdiction in this action based on the diversity of the parties. (Compl. ¶ 1.) In federal court, the effect to be given a contractual

3

forum selection clause in diversity cases is determined by federal (and not state) law. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995) ("Because '[q]uestions of venue and the enforcement of forum selection clauses are essentially procedural, rather than substantive, in nature,' . . . federal law applies in diversity cases[.]") (internal citation omitted).

In *Atlantic Marine,* the Supreme Court held that when a valid forum-selection clause exists, it "[should be] given controlling weight in all but the most exceptional cases." 571 U.S. at 60 (citation omitted). As such, when a valid forum selection clause exists, the "district court should ordinarily transfer the case to the forum specified in that clause." *Id*. at 62. The Supreme Court's rationale was that if the parties "contracted in advance to litigate disputes in a particular forum," their choice of forum should be enforced to serve "the interest of justice . . . by holding parties to their bargain." *Id.* at 66. In accordance with *Atlantic Marine*, forum-selection clauses are presumptively valid and enforceable, including in the Third Circuit. *See, e.g.*, *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1219 (3d Cir. 1991) (enforcing parties' forum selection clause); *Jumara*, 55 F.3d at 877 (same); *Cadapult Graphic Sys., Inc. v. Tektronix, Inc.*, 98 F. Supp. 2d 560, 564 (D.N.J. 2000) ("In th[e Third] Circuit, . . . in accord with the dictates of the Supreme Court, forum selection clauses are presumptively valid") (internal citations omitted).

The parties' forum selection clause is valid and this action should be transferred to the Western District of Tennessee in Memphis because (1) the forum selection clause is mandatory (*i.e.*, it requires that claims be heard in the chosen venue) and not permissive (*i.e.*, giving one or more parties the option of litigating in the designated venue); (2) the clause encompasses the claims asserted by Plaintiffs in this action; and (3) the public interest considerations weigh in favor of having the case decided in Tennessee.

### I.   The Agreement's Forum-Selection Clause Is Valid and Enforceable

The first steps in determining whether an operative forum-selection clause exists (and therefore is presumptively enforceable under *Atlantic Marine*) are to look at (i) whether the clause is mandatory and (ii) whether the claims fall within the scope of the clause. *Selective Way Ins. Co. v. Glasstech, Inc.*, 191 F. Supp. 3d 350, 360 (D.N.J. 2016). Where the clause mandates that the claims "shall be" brought exclusively in the specified forum and the claims fall within the scope of the forum-selection clause, the freely negotiated terms of the contract should be enforced to "uphold the expectations of the contracting parties." *Nitterhouse Concrete Prods., Inc. v. Dobco Grp., Inc.,* 305 F. Supp. 3d 580, 584 (D.N.J. 2018) (citation omitted).

#### A. The Forum-Selection Clause Is Mandatory

To determine whether a contract provision is mandatory, "a court's

5

paramount consideration is the intent of the parties," guided by the "plain language of the agreement." *Wall Street Aubrey Golf, LLC, v. Aubrey*, 189 F. App'x 82, 85 (3d Cir. 2006) (quoting *Mellon Bank, N.A. v. Aetna Bus. Credit, Inc.*, 619 F.2d 1001, 1009 (3d Cir. 1980)). Where venue is specified in a forum selection clause with mandatory language such as "shall be" or "exclusively," the parties' intent is clear and the clause should be enforced. *Nitterhouse*, 305 F. Supp. 3d at 587 (the phrase "shall be decided" indicated the forum-selection clause was mandatory); *Union Steel Am. Co. v. M/V Sanko Spruce*, 14 F. Supp. 2d 682, 687 (D.N.J. 1998) (forum-selection clause containing the phrase "shall" is mandatory.)

    Here, the parties' forum-selection clause states that "any and all claims and disputes" "***shall be* brought *exclusively***" in a federal or state court in Memphis, Tennessee. (Exs. A & B, § 6.E) (emphasis added). Use of the phrases "shall" and "exclusively" confirms the parties' deliberate intent to establish a mandatory forum in Memphis, Tennessee. This bargained-for provision should be upheld by the Court.[2] *Glasstech, Inc.*, 191 F. Supp. 3d at 360 ("[T]he forum selection clause squarely explains and mandates, in relevant part, that this action be pursued <u>exclusively</u> in the state or federal courts located in Toledo, Ohio, not New Jersey."); *Union Steel Am. Co.*, 14 F. Supp. 2d at 687 (forum selection provision

---

[2] That the language of a forum selection clause is not actually negotiated by the parties does not undermine its enforceability or validity. *Foster*, 933 F.2d at 1219.

was mandatory when it provided that disputes "shall be decided" in the selected forum).

### B. Plaintiffs' Claims Fall Within the Scope of the Forum-Selection Clause

The next step of the analysis is determining whether the dispute falls within the scope of the venue provision. "When determining the scope of a forum selection clause, the Court 'examine[s] the substance of th[e] claims, shorn of their labels,' and relates the substance of the claims 'to the precise language of the clause.'" *Mancuso v. L'Oreal USA, Inc.* No. 20-5701, 2021 WL 365228, at *6 (D.N.J. Feb. 1, 2021) (citation omitted). Forum selection clauses that include the words "relating to" are entitled to "broad applicability" in this analysis. *Id.*

Here, the forum-selection clause in the parties' Agreement states that it applies to "any and all claims or disputes arising out of, in connection with, or relating to this Agreement." (Exs. A & B, § 6.E.) Because the Agreement was the controlling document for all aspects of the parties' relationship, Plaintiffs' claims arise under the terms of that document. For example, Plaintiffs allege that Hub Group impermissibly "makes withholdings from the earnings of New Jersey drivers." (Compl., ¶ 18.) Withholdings are specifically addressed in Addendums C, D and G to the Agreement. (Exs. A & B, Addendums C, D and G.) Plaintiffs also allege that Hub Group required Plaintiffs to "personally pay for work-related expenses . . . ." (Compl., ¶ 19.) Paragraph § 2.H of the Agreement identifies the

7

work-related expenses each Plaintiff is responsible for. (Exs. A & B, § 2.H.) Plaintiffs estimate they worked more than 40 hours per week and allege they did not receive overtime premiums. (Compl., ¶¶ 21-22.) Premium pay is addressed in Addendum A to the Agreement. (Exs. A & B, Addendum A.)

Because Plaintiffs' pay claims relate to and fit squarely within the scope of the Agreement, the parties are bound by the forum-selection clause they bargained for. *See Magla Prods., L.L.C. v. Chambers*, No. CIV A 06-0115 PGS, 2006 WL 2846274, at *4 (D.N.J. Sept. 29, 2006) ("[A]ll of the claims involve allegations arising out of the [parties'] Agreement and implicate the terms of the Agreement"); *Crescent Int'l, Inc. v. Avatar Cmtys., Inc.*, 857 F.2d 943, 944 (3d Cir. 1988) (enforcing forum selection clause in the parties' agreement because the claims arose out of the agreement implicating its terms).

## II.   Transfer Under 28 U.S.C. § 1404(a) Is Appropriate

Where, as here, a valid forum-selection clause exists, the traditional analysis under 28 U.S.C. § 1404(a)—which considers the convenience of the parties and various public interest concerns—is altered in three material ways: First, the plaintiff's choice of forum merits no weight; instead, as the party "defying" the agreed-upon forum-selection clause, the plaintiff "bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Atl. Marine*, 571 U.S. at 63. Second, the Court "should not consider arguments about

the parties' private interests" and instead "must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* at 64; *In re McGraw-Hill Glob. Educ. Holdings LLC,* 909 F.3d 48, 57 (3d Cir. 2018) (if there is an operative forum selection clause, "'a district court may consider arguments about the public-interest factors only'") (quoting *Atl. Marine*, 571 U.S. at 64). The Court may consider public interest factors only, such as the relative administrative difficulty due to heavy court congestion, the local interest in deciding local controversies at home, and the public policy of the home forum, which "will rarely defeat a transfer motion." *Atl. Marine*, 571 U.S. at 64; *Jumara*, 55 F.3d at 880. Third, a party flouting its contractual obligation by filing suit in a different forum will not carry with it the original venue's choice of law rules. *Atl. Marine,* 571 U.S. at 64.

The relevant public interest factors here weigh in favor of a transfer to the Western District of Tennessee. First, there is no evidence that administrative difficulties would arise were the case to proceed in Tennessee. To the contrary, the busy dockets and heavy court congestion in the District of New Jersey (as compared to the Western District of Tennessee) weighs in favor of transfer.[3] *See Peck v. Jayco, Inc.*, No. 22-5762, 2023 WL 2706806, at *4 (D.N.J. Mar. 30, 2023)

---

[3] The average litigation timeframe (from filing a complaint to summary judgment) is two years in the Western District of Tennessee as opposed to three years in the District of New Jersey. https://www.uscourts.gov/statistics-reports/us-district-courts-judicial-business-2022 (last visited December 12, 2023).

9

(noting that the heavy court congestion currently pending in the District of New Jersey favors transfer); *Unbeatablesale.com, Inc. v. Meta Platforms, Inc.*, No. 22-6369, 2023 WL 4764813, at *3 (D.N.J. July 26, 2023) (finding that New Jersey faced significant court congestion and that transfer in favor of a different forum was preferable); *Eagle View Techs., Inc. v. GAF Materials, LLC*, 594 F. Supp. 3d 613, 623 (D.N.J. 2022) (lack of court congestion in transferred venue meant more efficient pre-trial discovery).

Second, Hub Group, with its related entities, has material connections to Tennessee, including over 250 workers and operation of two truck terminals, as well as a major regional consolidation and fulfillment facility in Memphis. (McDermott Decl. ¶ 4.)

Finally, the parties' Agreement contains a choice of law provision designating Tennessee law to apply to any dispute arising out the Agreement. (Exs. A & B, § 6.E.)  This factor also weighs in favor of transferring the litigation to Tennessee so that the trial will be conducted in the forum where the parties' agreed-upon law applies.  *See Peck*, 2023 WL 2706806 (the parties' choice of Indiana law supports transfer of venue to Indiana given that state's greater familiarity with its own law); *Saul v. Seeking Alpha Inc.*, No. CV-23-1405 (MAS) (RLS), 2023 WL 8091852, at *4 (D.N.J. Nov. 21, 2023) (parties' agreement contained a New York choice of law provision, making New York a more

10

appropriate forum); Exs. A & B, § 6.E (parties' agreement to Tennessee choice of law).

## CONCLUSION

As the Supreme Court made clear in *Atlantic Marine*, the interests of justice are served by holding the parties to their bargain to have their dispute heard in their agreed-upon forum. *See Beaumont*, 615 F. Supp. 3d at 259 ("[T]he parties' bargained for agreement as to the most proper forum should be given 'controlling weight in all but the most exceptional cases[.]'") (quoting *Atl. Marine*, 571 U.S. at 63)); *Jumara*, 55 F.3d at 880 ("[A] forum selection clause is treated as a manifestation of the parties' preferences to a convenient forum.").

Plaintiffs entered into contracts with Hub Group designating the venue for disputes as Memphis, Tennessee. Because Plaintiffs' claims fall within the scope of the Agreement's forum selection clause, the language of the clause is mandatory, and the public interest factors weigh in favor of transfer, this case should be transferred to the Western District of Tennessee pursuant to 28 U.S.C. § 1404(a).

For the reasons set forth above, Hub Group requests that the Court grant its motion, transfer the action to the Western District of Tennessee, and grant Hub Group such other and further relief to which it may be entitled.

Dated: December 18, 2023

/s/ *Edna D. Guerrasio*
Edna D. Guerrasio
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
(212) 969-3000
eguerrasio@proskauer.com

Allan S. Bloom (*pro hac vice* admission pending*)*
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
(212) 969-3000
abloom@proskauer.com

*Attorneys for Defendant*
HUB GROUP TRUCKING, INC.