<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JORGE ANDUJAR and FRANKLIN PENA BATISTA**, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>**HUB GROUP TRUCKING, INC.**,<br><br>          Defendant. | Civil Action No. 23-16987 (MEF) (JSA)<br><br><br><br><br><br><br><br><br><br>**OPINION** |

<u>**JESSICA S. ALLEN, U.S.M.J.**</u>

      Before the Court is Defendant Hub Group Trucking Inc.'s motion to transfer venue to the United States District Court for the Western District of Tennessee, pursuant to 28 U.S.C. § 1404(a). (ECF Nos. 9, 21). Plaintiffs, Jorge Andjuar and Franklin Pena Batista (collectively, "Plaintiffs"), oppose the motion. (ECF No. 17). No oral argument was heard. *See* Fed. R. Civ. P. 78(b). For the reasons set forth below, and for good cause shown, Defendant's motion is **GRANTED**.

**I.**      <u>**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**</u>

      This is a putative class action alleging violations of the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.1, *et seq*. and the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a, *et seq*. (Compl., p. 1; ECF No. 1). Defendant is an Illinois corporation involved in interstate trucking and commerce; it maintains significant operations in Memphis, Tennessee. (*Id.*, ¶ 7; *see also* ECF No. 9 at 10). Plaintiffs worked for Defendant as truck drivers from approximately 2011 until 2023 and were classified as independent contractors. (Compl., ¶¶ 11, 13).

On September 6, 2023, Plaintiffs filed their present Complaint, contending that Defendant violated New Jersey law by improperly classifying them, along with a putative class of other drivers, as independent contractors instead of employees. (*Id.*, ¶¶ 14-22; Pl.'s Br. at 2, ECF No. 17). Plaintiffs seek to certify a class on behalf of the following: "individuals who, either individually or through a closely held corporation, performed delivery services for Defendant and were based out of New Jersey within the past 6 years and were classified as independent contractors." (Compl., ¶ 23).

At issue is an Independent Contractor and Equipment Lease Agreement ("the Agreements") that reflect the terms and conditions of the parties' working relationship. (*See* Declaration of Michele McDermott ("McDermott Decl.") ¶¶ 2-3 & Exs. A & B; ECF No. 9-2).[1] The Agreements contain the following forum selection provision:

> **BENEFIT AND ASSIGNMENT; NOTICE; AND CONTROLLING LAW**.
>
> [A]ny and all claims or disputes arising out of, in connection with, or relating to this Agreement, or the transactions or relationship between the parties contemplated and established by this Agreement, whether under federal, state, local, or foreign law, shall be brought exclusively in the state or federal courts sitting in Memphis, Tennessee . . . .

(*Id.*, Exs. A & B, § 6.E; herein, the "forum selection clause" or "forum selection provision").

## II.     PRESENT MOTION

On December 18, 2023, Defendant filed the present motion to transfer this case to the United States District Court for the Western District of Tennessee based on the forum selection clause in the Agreements. (ECF No. 9).[2] Defendant contends that the forum selection clause

---

[1] Plaintiffs do not argue that the Agreements are invalid and/or that they did not execute them. The Court may consider the Agreements in connection with a motion to transfer. *See Beaumont v. Vanguard Logistics Servs. (USA) Inc.*, 615 F. Supp. 3d 253, 259 (D.N.J. 2022) ("In deciding a Section 1404(a) motion, a court is not limited to the pleadings, and may consider affidavits and other evidence.").

[2] On December 18, 2023, Defendant also filed a motion to dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 10). In its motion to dismiss, Defendant argues that, pursuant to a choice of law

2

compels transfer pursuant to the Supreme Court's decision in *Atlantic Marine Const. Co. v. U.S. Dist. Ct. for the W.D. of Tex.,* 134 S. Ct. 568 (2013), because the clause is valid and mandatory; covers Plaintiffs' legal claims; and because the public interest considerations weigh in favor of transfer to Tennessee. (ECF No. 9 at 5-8).

In opposition, Plaintiffs argue that their claims do not come within the scope of the forum selection clause, and that the clause should not be enforced because litigating their claims in Tennessee would be highly inconvenient. (ECF No. 17 at 2-4). In all events, Plaintiffs contend that if the case is transferred, the Court should not address the question of what state's law applies to the merits of the case, deferring that issue to the court in the Western District of Tennessee. (*Id.* at 7).

On reply, Defendant contends that the forum selection provision clearly encompasses Plaintiffs' wage claims because the Agreements are the sole documents governing the parties' employment relationship. (ECF No. 21 at 2). Further, Defendant argues that Plaintiffs' convenience is a private interest factor that should not be considered based on the forum selection clause and *Atlantic Marine*. (*Id.* at 6). Finally, Defendant agrees with Plaintiffs that if the case is transferred, the court in the Western District of Tennessee should address the parties' choice of law dispute. (*Id.* at 7).

### III.   LEGAL STANDARD

#### A.   Section 1404(a)

Section 1404(a) confers federal courts with authority to transfer a case to another district "where it may have been brought," when doing so is "in the interest of justice" and serves "the

---

provision in the Agreements, Tennessee law should apply to Plaintiffs' claims. (ECF No. 10). Plaintiffs disagree. (ECF No. 17 at 7). However, Defendant's reply brief on its motion to transfer confirms that, if the Court grants the present motion to transfer, the choice of law dispute should be addressed by the court in Tennessee, and that its motion to dismiss will be moot. (ECF No. 21 at 9).

convenience of parties and witnesses." 28 U.S.C. § 1404(a). The movant bears the burden of establishing that transfer is appropriate. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Section 1404(a) "is [intended] 'to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Kremer v. Lysich*, 2019 WL 3423434, at *3 (D.N.J. July 30, 2019) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)); *see also Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756 (3d Cir. 1973). Thus, the statute vests district courts "with a large discretion," *Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1045 (3d Cir. 1973), "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622).

The moving party must establish "both the propriety of venue in the transferee district and jurisdiction over all of the defendants." *LG Elecs. Inc. v. First Int'l Computer*, 138 F. Supp. 2d 574, 586 (D.N.J. 2001) (citation omitted). Once the court determines that jurisdiction and venue would be proper in the transferee district, the court must balance private and public interest factors identified in *Jumara* to determine whether the litigation would more conveniently proceed and the interests of justice would be better served by a transfer. *See Jumara*, 55 F.3d at 879.

The first category of factors considers the private interests of the litigants and include: (1) "plaintiff's forum preference;" (2) "defendant's preference;" (3) "whether the claim arose elsewhere;" (4) "the convenience to the parties as indicated by their relative physical and financial condition;" (5) "the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora;" and (6) "the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Id*.

The second category of factors considers the public's interests and include:

4

> (1) "the enforceability of the judgment;" (2) "practical considerations that could make the trial easy, expeditious or inexpensive;" (3) "the relative administrative difficulty in the two for a resulting from court congestion;" (4) "the local interest in deciding local controversies at home;" (5) "the public policies of the fora;" and (6) "the familiarity of the trial judge with applicable state law in diversity cases."

*Id*. at 870-880 (internal citations omitted).

The list of factors in both the private and public categories is comprehensive but not exhaustive. *Id.* A Section 1404(a) analysis must always remain flexible and depend on the unique facts of the case. *See Lawrence v. Xerox Corp.*, 56 F. Supp. 2d 442, 450 (D.N.J. 1999) (citing *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 43 (3d Cir. 1988)). While the moving party bears the burden to justify a transfer, it is "not required to show truly compelling circumstances for . . . [change of venue, but rather that] all relevant things considered, the case would be better off transferred to another district." *Dawson v. General Motors LLC*, 2020 WL 953713, at *2 (D.N.J. Feb. 24, 2020) (quotations omitted).

### B.   The Forum Selection Clause

When "a forum selection provision enters the picture," "the weighing of the private and public interests under Section 1404 change," and the forum selection provision becomes an important consideration. *In re Howmedica Osteonics Corp.*, 867 F.3d 390, 402 (3d Cir. 2017). Pursuant to *Atlantic Marine*, the presence of a valid forum selection clause changes a Section 1404(a) transfer analysis in the following ways:

> [i]   the plaintiff's choice of forum becomes immaterial;
> [ii]  the parties' private interests—traditional transfer considerations—should not be evaluated, and should be deemed to weigh entirely in favor of the selected forum; and
> [iii] the original venue's choice of law rules do not apply.

*ADP v. Bakshi*, 2016 WL 1223557, at *3 (D.N.J. Mar. 29, 2016) (citing *Atl. Marine*, 134 S. Ct. at

5

581-82).

As the Supreme Court explained in *Atlantic Marine*, the presence of a valid forum selection provision should, "in all but the most unusual cases," result in the case proceeding in the designated forum. *See Atl. Marine*, 134 S. Ct. at 581.

## IV.    DISCUSSION

Plaintiffs do not dispute that they executed Agreements that contain the forum selection clause. However, contrary to the language of the Agreements, Plaintiffs commenced suit in New Jersey and contend they should be permitted to remain here. For the reasons set forth below, this Court finds the forum selection clause is valid, enforceable, and encompasses Plaintiffs' claims. Thus, this case fits squarely within the framework of *Atlantic Marine*. Since there are no unusual circumstances that would warrant disregarding a valid forum selection clause, *Atlantic Marine* requires that Defendant's motion to transfer be granted.[3]

### A.    The Forum Selection Clause is Valid

"In federal court, the effect to be given to a contractual forum selection clause ... is determined by federal not state law . . . because questions of venue and the enforcement of forum selection clauses are essentially procedural, rather than substantive, in nature . . . ." *Jumara*, 55 F.3d at 877. "Under federal law, forum selection clauses are presumptively valid and enforceable, 'unless enforcement is shown by the resisting party to be unreasonable under the circumstances.'" *Maaco Franchising, Inc. v. Tainter*, 2013 WL 2475566, at *3–5 (E.D. Pa. June 10, 2013) (quoting *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10 (1972)); *see Gen. Eng'g Corp. v. Martin*

---

[3] The parties do not address whether the case could have been originally filed in the Western District of Tennessee. A district is one in which an action "might have been brought" if that district has (1) subject matter jurisdiction over the claims; (2) personal jurisdiction over Defendant; and (3) is a proper venue. *See Yang v. Odom*, 409 F. Supp. 2d 599, 604 (D.N.J. 2006). Here, as it relates to the transfer analysis, the Court finds the requirements are satisfied, as Defendant is subject to personal jurisdiction in Tennessee; venue is proper based on Defendant's activities in Tennessee; and subject matter jurisdiction is not in dispute.

*Marietta Alumina, Inc.*, 783 F.2d 352, 356 (3d Cir. 1986) (a forum selection clause is "prima facie valid"). Therefore, "a forum selection clause will be invalidated only if the resisting party can show (1) the clause was invalid for such reasons as fraud or overreaching, ... (2) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought, or (3) that enforcement of the clause would be so gravely difficult and inconvenient as to be unreasonable and unjust and deprive the party of its day in court." *Intermetals Corp. v. Hanover Intern. Aktiengesellschaft Fur Industrieversicherungen*, 188 F. Supp. 2d 454, 459 (D.N.J. 2001) (citing *Bremen*, 407 U.S. at 10).

Plaintiffs contend the forum selection clause should not be enforced for two reasons: (1) it was embedded within a multi-page agreement and not clearly communicated to Plaintiffs, and (2) enforcement is unreasonable under the circumstances due to the convenience of the parties and witnesses involved. (ECF No. 17 at 2–3).

First, the Court rejects Plaintiffs' argument that the forum selection clause was not clearly communicated. The Agreements have large, bold headings stating, "**CONTROLLING LAW**." (McDermott Decl., Exs. A & B). Under the bold headings, the language unambiguously states that any claim or dispute "shall be brought exclusively in" the courts of Tennessee. Thus, the forum is expressly and clearly specified. Moreover, while Plaintiffs state that the forum selection provision was hidden in the Agreement, Plaintiffs themselves do not actually represent that they were unaware of the provision at the time they signed the Agreements. (ECF No. 17 at 6). In any event, parties to a contract are responsible for carefully reading the express and reasonably disclosed terms of the agreements they sign and by which they are bound. *See Noble v. Samsung Elec. Am., Inc.*, 682 Fed. Appx. 113, 116 (3d Cir. 2017) (even if party failed to read the entire contract, it would be bound by forum selection provision provided it was reasonably disclosed);

7

*C.I.N. Constr., LLC v. Hunt Constr. Group, Inc.*, 2009 WL 2998965, at *6 (D.N.J. Sept.18, 2009) (stating that failure to read the terms of the contract before signing it does not invalidate a forum selection clause). Here, the Court finds the forum selection clause is prominent and was reasonably disclosed. Plaintiff's counsel's blanket assertions to the contrary are not proof that Defendant hid the ball, let alone establish a "unreasonableness to overcome a valid forum selection clause." *Diversified Home Installations, Inc. v. Maxwell Sys.*, 2010 WL 1133773, at *6 (D.N.J. Mar. 22, 2010) (enforcing forum selection clause despite plaintiff's argument that it was unaware of the clause).

Second, Plaintiffs argue the clause should not be enforced because it would be inconvenient and impractical for the parties and witnesses to travel from New Jersey to Tennessee. (*Id.* at 2-4). To invalidate a forum selection provision on these grounds, Plaintiffs would need to show that the travel and inconvenience involved is so "gravely difficult and inconvenient as to be unreasonable and unjust and deprive the party of its day in court." *Bremen*, 407 U.S. at 10. They cannot meet this standard. Basic travel inconvenience and logistical concerns, without more, do not rise to a "grave" inconvenience. *See Meggiolaro v. Lagniappe Pharm. Servs. LLC*, 2017 WL 1365220, at *2 n.1 (D.N.J. Apr. 10, 2017) (rejecting general domestic travel as sufficient basis, absent extenuating circumstances, to invalidate forum selection provision post-*Atlantic Marine*); *Intermetals Corp.*, 188 F. Supp. 2d at 459 (enforcing Austria forum selection clause when evidence and witnesses were in the United States). Moreover, Plaintiffs' need to travel from New Jersey to Tennessee does not deprive them of their day in court. *See Meggiolaro*, 2017 WL 1365220, at *2 n.1.[4]

---

[4] Plaintiffs' reliance on *Vidal v. Tom Lange Co. Intern., Inc.*, 2021 WL 4963276 (D.N.J. Oct. 26, 2021) and *Samuels v. Medytox Solutions, Inc.*, 2014 WL 4441943 (D.N.J. Sept. 8, 2014) does not compel a different result. In *Vidal*, the court declined to enforce a forum selection clause when the clause was contained within a deceptively labeled agreement, and the plaintiff was "physically limited due to severe medical conditions." *Id.* at *4. In contrast, here,

8

In short, Plaintiffs do not allege the forum selection clause is invalid due to fraud, overreach, or public policy, and have failed to establish that enforcement of the forum selection clause would be "gravely difficult" and deprive them of their day in court. Likewise, the forum selection clause was clearly communicated. As such, the forum selection clause is valid.

### B.   The Forum Selection Clause Applies to Plaintiffs' Claims[5]

Plaintiffs contend that the forum selection clause does not "unambiguously" apply to the adjudication of its statutory claims. (ECF No. 17 at 4-5). The Court disagrees. The Agreement clearly states that the "***any and all claims*** or disputes arising out of, in connection with, or relating to this Agreement or the transactions or relationships between the parties. . . . whether under federal, ***state***, local or foreign law" shall be brought in Memphis, Tennessee. (*See* McDemott Decl., Ex. A & B, § 6.E) (emphases added). This clause is clear and unambiguous, applying to "any and all claims," relating to the "transactions or relationships between the parties," including claims brought under "state law." (*Id.*) Plaintiff does not rely on any caselaw that suggests their wage claims must be specifically identified or referenced to fall within the scope of the forum selection clause.

Rather, a review of the judicial landscape reveals that wage claims can properly be governed by forum selection clauses. District Judge Farbiarz's recent decision in *Guimaraes v.*

---

the agreement is unambiguous and clear, and no party has put forth any medical information or restrictions. Likewise, *Samuels* is inapposite because it did not apply *Atlantic Marine,* and because the court's discussion of the convenience of the parties and witnesses was limited to a traditional *Jumara* analysis, without any reference to the impact of any forum selection clause. *See* 2014 WL 444194, at *9-10.

[5] The Court would ordinarily next consider whether the clause is mandatory or permissive. *See Becton Dickinson & Co. v. Medline Indus*., 2022 WL 2383722, at *4 (D.N.J. Apr. 28, 2022)*; see also Dawes v. Pub. Am., LLC*, 563 Fed. Appx. 117, 118 (3d Cir. 2014) (discussing difference between permissive and mandatory forum selection clauses). However, Plaintiffs do not argue the clause is permissive. Nor could they reasonably. Here, the forum selection clause states that claims "**shall** be brought **exclusively** in the state or federal courts sitting in Memphis, Tennessee." (McDermott Decl., Exs. A &B, § 6.E) (emphases added). This is language typical of a mandatory forum selection clause. *See, e.g.*, *Siaci St. Honore v. M/V Maria Elena*, 2022 WL 16949048, at *5 (D.N.J. Nov. 15, 2022) (collecting cases noting that "shall" and "exclusively" equates to a mandatory clause). Thus, the forum selection clause in the Agreements is mandatory.

*Evans Delivery Co.*, 2024 WL 1557291 (D.N.J. Apr. 10, 2024) is instructive. In that case involving independent contractor-truck drivers, Judge Farbiarz found that a forum selection provision can cover New Jersey statutory wage-based claims. *See id.* at *3 (noting there is no New Jersey public policy against transferring New Jersey statutory wage claims pursuant to forum selection clause) (citing *Collins v. Mary Kay, Inc.*, 874 F.3d 176, 183-87 (3d Cir. 2017)).[6] For the same reasons, this Court finds that Plaintiffs' statutory wage claims come within the scope of the forum selection clause.

### C. Modified Transfer Analysis

Having established that there is a valid forum selection provision in this case, the traditional transfer analysis changes. The private interest factors are not properly considered and are deemed to weigh in favor of the designated forum, i.e., Tennessee. *See Atlantic Marine*, 134 S. Ct. at 581–82; *see also In re Howmedica*, 867 F.3d at 402.[7] That leaves the public interest factors as the sole consideration, and only under "extraordinary circumstances" will the public factors alone support transfer of a case. *In re Howmedica*, 867 F.3d at 406.

Plaintiffs fail to address the public interest factors at all. As a result, Plaintiffs have not carried their heavy burden to show this is an "exceptional" or "unusual" case that should not be transferred due to public interest factors despite the presence of a valid, mandatory forum selection clause. *See Collins*, 874 F.3d at 187 ("[Plaintiff] has not addressed with any specificity the public

---

[6] Plaintiffs cite *Nuzzi v. Aupaircare, Inc.* 341 Fed. Appx. 850 (3d Cir. 2006) and *Kanafani v. Lucent*, 2009 WL 3055363 (D.N.J. Sept. 18, 2009) to argue that statutory claims may be exempted from a forum selection clause. However, both those cases involved discrimination and retaliation claims, not wage and hour claims, and public policy concerns not presented here. *See Nuzzi*, 341 Fed. Appx. at 850; *Kanafani*, 2009 WL 3055363, at *7. Moreover, the Third Circuit has found that transfer of New Jersey statutory wage claims is not against public policy. *See Collins*, 874 F.3d at 183-87.

[7] For that reason, any reference in Plaintiffs' opposition papers to the convenience of the parties and witnesses, (ECF No. 17 at 2-4), is not relevant once the forum selection clause is determined to be valid.

10

interest factors that could favor litigation in New Jersey federal court over Texas state court. As the party resisting the application of a forum selection clause, [plaintiff] bears a heavy burden under *Atlantic Marine*. She has failed to carry that burden in this case."); *Reading Rock Northeast LLC v. Russell*, 2021 WL 870642, at *9 (D.N.J. Mar. 8, 2021) (party resisting forum selection clause fails to meet burden of unusual or exceptional case when public interest factors are not addressed).[8] Nor does the Court discern anything unique or unusual about the case that would warrant disregarding the forum selection clause.

Based the valid forum selection clause and given the Supreme Court's directive in *Atlantic Marine* and Plaintiffs' failure to address the public interest factors, this case shall be transferred to the Western District of Tennessee, pursuant to Section 1404(a).

## V.     CONCLUSION

For the foregoing reasons, Defendant's motion to transfer, (ECF No. 9), is **GRANTED**, and the Court shall transfer this case to the United States District Court for the Western District of Tennessee. The Clerk shall not transfer this case for fourteen days. *See* L. Civ. R. 72.1(c)(1)(C). An appropriate order will be entered.

                                                s/Jessica S. Allen
                                                **HON. JESSICA S. ALLEN**
                                                **United States Magistrate Judge**

Dated:  April 22, 2024

cc:  Hon. Michael E. Farbiarz, U.S.D.J.

---

[8] As noted previously, Plaintiffs argue that New Jersey law should apply to the merits of the case, while Defendant contends that Tennessee law should apply. However, both parties agree that, if the case is transferred, this Court should not address the choice of law question, which should be left for the court in the Western District of Tennessee to resolve. (*See* ECF No. 17 at 7; ECF No. 21 at 9). This Court agrees. Nothing herein should be construed as deciding the parties' choice of law dispute.